UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SmarterSwipe, Inc.,

         Plaintiff(s),

vs.

Carlos Navarrete, *et al.*,

         Defendant(s).

2:24-cv-00299-CDS-MDC

**Order**

Pending before the Court is plaintiff/counter defendant SmarterSwipe, Inc.'s ("SmarterSwipe") *Motion to Strike* (ECF No. 22). The Court denies the Motion.

## DISCUSSION

### I.  BACKGROUND

SmarterSwipe filed its Complaint (ECF No. 1-2) seeking relief for: (1) breach of contract (2) breach of good faith and fair dealing, (3) conversion, (4) unjust enrichment, (5) fraud, (6) misappropriation of trade secrets, (7) civil conspiracy, (8) declaratory judgment, (9) accounting, and (1) tortious interference with contractual relations.

Defendants Carlos Navarette, Carem Arrhimi, Ethan Belloli-Ramos, Robert Porras, and Brian Silva (collectively, "Defendants") filed a Counterclaim (ECF No. 15) seeking relief for (1) fraudulent inducement/recission, (2) declaratory relief, (3) accounting, (4) oral contract/unjust enrichment, and (5) in the alternative, breach of contract.

SmarterSwipe now moves to strike certain paragraphs from Defendants' Counterclaim (ECF No. 15) pursuant Rule 12(f) of the Federal Rules of Civil Procedure. ECF No. 22. SmarterSwipe asserts that "a series of baseless, immaterial and targeted allegations, saturated through the Counterclaim, constitute a scandalous assault on SmarterSwipe and its Chief Executive Officer ("CEO"), Kevin Singh, making such statements wholly inappropriate in pleadings before this Court." ECF No. 22 at 2:22-24. In their Opposition (ECF No. 28), Defendants assert that SmarterSwipe's Motion "essentially asks the Court to

be the trier of act at the very initial pleading stage in order to deem allegations in defendants' Counterclaim to be 'untrue,' and thus 'scandalous.'" ECF No. 28 at 3:5-7. Defendants further assert that "the fact that plaintiff disagrees with or believes certain allegations will not ultimately be proven to be true, does not warrant the striking of portions of defendants' Counterclaim." ECF No. 28 at 3:9-11.

## II.     LEGAL STANDARD

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court may, on its own or on motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See Fed. R. Civ. P. 12(f)(1), (2). An allegation is "immaterial if it has no essential or important relationship to the claim for relief or the defenses being pleaded." *Kennedy v. Las Vegas Sands Corp.*, 2017 U.S. Dist. LEXIS 155779, at *3 (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)) (internal quotations omitted). "Impertinent matters consist of statements that do not pertain, and are not necessary, to the issues in question." *Id.* "An allegation is scandalous if it improperly casts a cruelly derogatory light on someone, most typically on a party in the action." *Kennedy*, 2017 U.S. Dist. LEXIS 155779, at *4 ("[i]t is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action") (internal citations omitted).

"The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citing *Fogerty*, 984 F.2d at 1527). A motion to strike material from a pleading is "heavily disfavored." *Edwards v. Juan Martinez, Inc.*, 506 F. Supp. 3d 1061, 1077 (D. Nev. 2020). "Courts will not grant a motion to strike unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation." *Doe v. Boys and Girls Club of Southern Nevada*, 2023 U.S. Dist. LEXIS 184199, at *3 (D. Nev. Oct. 13, 2023) (citing *In re Facebook PPC Advertising Litig.*, 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010)) (internal quotations

omitted). "If there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied." *Id.* (quoting *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 460 F. Supp. 2d 1222, 1234 (D. Nev. 2006) (internal citation omitted).

### III.   ANALYSIS

The Court finds that SmarterSwipe has not met its burden of persuasion. *See Boys*, 2023 U.S. Dist. LEXIS 184199, at *3 ("the burden of persuasion facing a movant has been described as a 'substantial' burden") (internal citations omitted).

SmarterSwipe seeks to strike numerous paragraphs from Defendants' Counterclaim (ECF No. 15) for containing constituting a scandalous assault on SmarterSwipe and its Chief Executive Officer ("CEO") Kevin Singh.[1] ECF No. 22 at 2:23. SmarterSwipe asserts that the allegations contained in Defendants' Counterclaim (ECF No. 15) contains "inflammatory" and "untrue statements regarding Mr. Singh's alleged drug habits and prior history." ECF No. 22 at 3:4-6. SmarterSwipe asserts that allegations "have no logical nexus or material relationship with the asserted counterclaims that arise out of Counterclaimants' former relationship with SmarterSwipe." *Id.* at 3:6-8.

SmarterSwipe argues that the allegations are baseless and untrue. ECF No. 22. The Court finds that this is not a sufficient basis to grant the Motion to Strike. A Rule 12(f) Motion is not "an appropriate avenue to challenge the truth of an allegation." *Novva Ausrustung Group, Inc. v. Kajioka*, 2017 U.S. Dist. LEXIS 108614, at *3 (D. Nev. July 13, 2017); *see also Boyd v. United States*, 861 F,2d 106, 109 (5th Cir. 1988) (holding that the falsity of a pleading does not provide a sufficient basis for granting a motion to strike under Rule 12(f)).

SmarterSwipe argues that the allegations have "no logical nexus or material relationship with the asserted counterclaims." ECF No. 22 at 3:6-8. However, the Court finds Defendants have sufficiently refuted SmarterSwipe's allegations. Defendants' Response (ECF No. 28) to SmarterSwipe's Motion to

---

[1] SmarterSwipe seeks to strike paragraphs: 5, 6, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 33, 35, 42, 43, 46, 47, 62, 63, 71, 74, 82, 88, and 131. However, SmarterSwipe also requests that the Counterclaim contained in ECF No. 15 should "be stricken in its entirety." ECF No. 15 at 13.

Strike," establishes that the allegations SmarterSwipe is seeking to strike are relevant. ECF No. 28. Defendants have shown that the allegations are "relevant to the Defendants' claims for fraudulent inducement/recission, declaratory relief, accounting, unjust enrichment, and (alternatively) breach of contract." ECF No. 28 at 6:13-15. While allegations may be relevant, the Court cannot "resolve disputed and substantial factual or legal issues" (*see Whittlestone, Inc.,* 618 F.3d at 973), which is what plaintiff effectively requests. "If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." *Sliger v. Prospect Mortg., LLC*, 789 F.Supp.2d 1212, 1216 (E.D. Cal. 2011). The Court reviews the pleadings in the light most favorable to the non-movant. *Boys*, 2023 U.S. Dist. LEXIS 184199, at * 3 (citing *Cal. Dep't of Toxix Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). In doing so, the Court finds that the allegations at issue are relevant to Defendants' counterclaims. The Court makes no determination as to their merit. Accordingly, the Court denies plaintiff's *Motion to Strike* (ECF No. 22).

ACCORDINGLY,

**IT IS ORDERED** that the Motion to Strike (ECF No. 22) is DENIED.

DATED this 15th day of May 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge