UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SmarterSwipe, Inc.,<br><br>    Plaintiff(s),<br><br>vs.<br><br>Carlos Navarrete, *et al.*,<br><br>    Defendant(s). | 2:24-cv-00299-CDS-MDC<br><br>**ORDER ON MOTION TO TRANSFER VENUE AND MOTION TO WITHDRAW** |

Pending before the Court are defendant/counterclaimant Carlos Navarrete, Carem Arrhimi, and Ethan Belloli-Ramos's (together "Moving Defendants") *Motion to Transfer Venue* (ECF No. 56) ("Motion to Transfer")[1] and *Emergency Motion to Withdraw as Attorney* (ECF No. 65) ("Motion to Withdraw") by Moving Defendants' counsel. For the reasons stated below, the Court DENIES the *Motion to Transfer* and GRANTS the *Motion to Withdraw*.

**DISCUSSION**

I. **BACKGROUND**

This is a case arising from an alleged breach of contract. ECF No. 45. Plaintiff alleges that defendants breached the non-competition clause and/or participated in the creation of a competing business. *Id.* Defendants filed a counterclaim against plaintiff. ECF No. 15. Defendants allege that they were fraudulently induced to work for SmarterSwipe. *Id.* As part of their counterclaim, defendants also seek declaratory relief from the court that "any non-compete provisions, to the extent any exist…are not valid." *Id.* at 28, ¶ 105. Defendants also seek a breach of contract in the alternative. *Id.* at 30.

In their Motion to Transfer (ECF No. 56), Moving Defendants assert that the more convenient and proper venue is the Eastern District of California. ECF No. 56. Plaintiff argues that the District of Nevada is proper because there is a contractual forum selection clause. ECF No. 69. Moving Defendants attempt to disavow that contractual forum selection claims by challenging the validity of the contract

---

[1] Defendants Silva and Porras do not oppose the Motion to Transfer. *See* ECF No. 59.

and/or the forum selection clause. By their Motion to Withdraw, counsel for the Moving Defendants seek to withdraw because of an irretrievable breakdown in the attorney-client relationship.

**II.  MOTION TO TRANSFER VENUE**

Plaintiff is a domestic corporation doing business in Nevada. ECF No. 45. Moving Defendants are residents of California. *Id*.  Plaintiff's claims include a claim against the Moving Defendants for breach of the *Independent Sales Agent Contract Agreement* ("Sales Contract"), which includes the following Nevada forum selection clause:

> The Parties agree that this Agreement is governed by the laws of the State of Nevada.  If court action is necessary, the Federal or State courts of Nevada State shall be the venue agreed upon by the Parties.

*See* ECF No. 69-1 at Exhibit 1.

**A.  Legal Standard for Transfer of Venue**

Pursuant to 28 U.S.C. § 1404(a), "the district court has the discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 101 L. Ed. 2d 22, 108 S. Ct. 2239 (1988)) (internal quotations omitted). In making this determination, courts may consider several factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498-99.

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Texas*, 571 U.S. 49, 63 (2013) (quoting *Stewart*, 487 U.S., at 31). "The 'enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate

expectations and furthers vital interests of the justice system.' For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' 'a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co.*, 571 U.S. at 63. "The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404 analysis in three ways." *Id.* "First, the plaintiff's choice of forum merits no weight…. Second, a court…should not consider arguments about the parties' private interests…. Third, a § 1404 transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.* at 63-65.

A forum-selection clause is presumptively valid; however, "there are three reasons a forum selection clause may be unenforceable: (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Peterson v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013) (internal quotations and citations omitted).

**B.  Analysis**

Moving Defendants argue that the Sales Contract is not valid and enforceable and contend that a transfer or change in venue is proper because the Eastern District of California is more convenient for the parties and witnesses. *See* ECF No. 56. Plaintiff opposes the motion, arguing that the Sales Contract is enforceable and thus, its forum-selection clause makes the District of Nevada a proper venue. *See* ECF No. 69.

The parties' dispute regarding the validity of the Sales Contract and its forum-selection clause is a factor in considering the Moving Defendants' Motion to Transfer Venue. *See Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*, 60 F.Supp.3d 1109, 1113 (E.D. Cal. 2014) ("Before the court may consider the impact of any forum selection clause on plaintiff's choice of forum and the

motion to transfer, it must first determine whether a contract exists and, if so, whether it contains the forum selection clause at issue.") (internal citations omitted).

The analysis of whether the Sales Contracts are enforceable is difficult because neither side elaborates on this issue, particularly Moving Defendants. *See* ECF No. 56, 69.  Moving Defendants merely argue the Sales Contracts are not enforceable without support or elaboration.  Given the parties' failure to develop the arguments, the Court declines to address the merits on the validity of the Sales Contract. Instead, the Court will view the facts in the light most favorable to the non-moving party. *C.f. Murphy v. Schneider Nat'l Inc.*, 362 F.3d 1133, 1137-38 (holding that disputed facts must be viewed in the light most favorable to the non-moving party in a Rule 12(b)(3) motion). Therefore, the Court will address the issue under the assumption that a valid contract exists between the parties[2].

### a. Mandatory vs Persuasive Language

In determining applicability of a forum selection clause, courts also look to whether the language of the clause is mandatory or persuasive. *See Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) ("[W]here venue is specified with mandatory language the clause will be enforced.") (internal citations omitted). "The question of whether the forum selection clause is mandatory or permissive is a matter of contract interpretation." *Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036 (9th Cir. 1995) (citing *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987)). Again, the Sales Contracts contain the following "Choice of Law/Venue" provision:

> The parties agree that this Agreement is governed by the laws of the State of Nevada. If court action is necessary, the Federal or State courts of Nevada shall be the venue agreed upon by the Parties.

ECF No. 69-1 at 9.

---

[2] The Court also finds that this does not prejudice the defendants (moving party) because they plead breach of contract in the alternative. *See* ECF No. 15 (counterclaim).

The language of the provision is clearly mandatory. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one."); *see also Docksider*, 875 F.2d at 764 (holding that the language "venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia" is mandatory). Where language of the forum selection clause states that a particular court or state has jurisdiction but says nothing about it being exclusive jurisdiction, the language will be permissive. *See Hunt Wesson Foods, Inc.*, 817 F.2d at 77 (holding the language "shall have jurisdiction over the parties in any action" is permissive). The language of the forum selection clause more closely follows the language of the clause in *Northern California District Council Of Laborers*. 69 F.3d at 1037. Therefore, the Court finds that the language of the clause is mandatory and thus enforceable.

### b. Enforceability Of The Forum-Selection Clause

The Sales Contract's forum-selection clause is enforceable. As stated previously, "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404 analysis in three ways." *Atl. Marine Constr. Co.*, 571 U.S. at 63. "First, the plaintiff's choice of forum merits no weight…. Second, a court…should not consider arguments about the parties' private interests…. Third, a § 1404 transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.* at 63-65

Here, plaintiff filed the case in the agreed upon forum. As the party defying the forum-selection clause, Moving Defendants have not met their burden in showing why the case should be transferred. Furthermore, Moving Defendants' main argument in moving for transfer is based on convenience of the parties and witnesses. However, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64. Thus, any arguments regarding convenience fails.

//

//

The Court now turns to the enforceability of the forum selection clause.

> [T]here are three reasons a forum selection clause may be unenforceable: (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought.

*Peterson,* 715 F.3d at 280 (internal quotations and citations omitted).

Moving Defendants argue that an enforceable contract does not exist. However, as noted previously, the Court will view the facts in the light most favorable to the non-moving party. Therefore, the Court assumes the Sales Contracts and the forum selection clauses thereunder are valid. Moving Defendants fail to establish that the inclusion of the forum-selection clause was the product of fraud or overreaching. Moving Defendants do not argue that they would be effectively deprived of their day in court. To the extent they suggest inconvenience would deprive them of their day in court, this argument fails because convenience arguments are waived if there is a valid forum-selection clause. Finally, Moving Defendants do not argue that the forum-selection clause would contravene any public policy. Thus, Moving Defendants have not shown that the forum-selection clause is unenforceable. Therefore, the Court denies the Motion to Transfer.

### III.    MOTION TO WITHDRAW AS ATTORNEY

Also pending before the Court is a *Motion to Withdraw as Attorney* (ECF No. 65). Counsel for Moving Defendants (Carlos Navarrete, Ethan Bellolo-Ramos, and Carem Arrhimi) seek to withdraw per LR IA 11-6 and Nevada Rules of Professional Conduct ("NRPC") 1.16(b) because of "irretrievable breakdown in the attorney-client relationship."  *See* ECF No. 65.  Counsel also argue that continuing representation of the Moving Defendants will result in a "unreasonable financial burden." *Id.*

    **A.  Legal Standard for Motions to Withdraw as Counsel**

Pursuant to LR IA 11-6(b), "[i]f an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel." "Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of

discovery, the trial, or any hearing in the case. Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing." LR IA 11-6(e).

Pursuant to NRPC 1.16(b), a lawyer may withdraw from representing a client if:

(1) Withdrawal can be accomplished without material adverse effect on the interests of the client;
(2) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
(3) The client has used the lawyer's services to perpetrate a crime or fraud;
(4) A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;
(5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
(7) Other good cause for withdrawal exists.

NRPC 1.16(b)(1)-(7)

### B. Analysis

Counsel has provided a certificate of service that shows the affected Moving Defendants have been served with this motion. No response has been filed. Counsel states that the reason for withdrawal is due the irretrievable breakdown in attorney-client relationship between counsel and the Moving Defendants. ECF No. 65 at 4. Counsel also states that if they are required to remain as attorneys of record for Moving Defendants, there will be an unreasonable financial burden to them. *Id.* The discovery deadline is March 3, 2025, and no extensions are being requested at this time. *Id.* Counsel reports that defendants will likely need a reasonable extension of the October 22, 2024, deadline to respond to Interrogatories in order to retain counsel. However, counsel has not filed any motion for an extension. For good cause shown and because the motion to withdraw is unopposed, the Court grants the Motion to Withdraw *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion."). Good cause exists to extend the

response deadline to the interrogatories. Therefore, the Court will *sua sponte* grant an extension for the Moving Defendants to respond to the plaintiff's pending Interrogatories by no later than **November 15, 2024**.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Transfer* (ECF No. 56) is DENIED.

2. The *Motion to Withdraw* (ECF No. 65) is GRANTED.

3. Tracy M. O'Steen and Andrea M. Champion of the law firm of Jones Lovelock PLLC are to be removed as attorneys of record for defendants Carlos Navarrete, Ethan Bellolo-Ramos, and Carem Arrhimi.

4. Defendants Carlos Navarrete, Ethan Bellolo-Ramos, and Carem Arrhimi must file a Notice of Appearance of Counsel **OR** a Notice of Intent to Proceed Pro Se by **December 2, 2024**.

5. The October 22, 2024, deadline to respond to Interrogatories is extended to **November 15, 2024**.

DATED this 31st day of October 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge