UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SmarterSwipe, Inc.,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Carlos Navarrete, et al.,<br><br>　　　　　　Defendants. | 2:24-cv-00299-CDS-MDC<br><br>**ORDER:**<br>**Granting Motion to Compel (ECF No. 72) and Denying Motion to Extend (ECF No. 73)** |

Pending before the Court are plaintiff/counter-defendant SmarterSwipe, Inc.'s *Motion to Compel Discovery and Enter Sanctions* ("Motion to Compel") (ECF No. 72) and *Motion for Alternative Service and to Extend Time* ("Motion to Extend") (ECF No. 73). For the reasons stated below, the Court GRANTS the Motion to Compel and DENIES the Motion to Extend.

## DISCUSSION

### I. BACKGROUND

This case arises from an alleged breach of contract and alleged fraudulent inducement. ECF Nos. 45 (Amended Complaint) and 15 (Counterclaim). Plaintiff/counterdefendant ("Plaintiff") alleges that defendants/counterclaimants ("Defendants") breached the non-competition clause and/or participated in the creation of a competing business. ECF No. 45. Defendants allege that they were fraudulently induced to work for Plaintiff, thus the contract is not valid.

On September 25, 2024, Defendants' counsel filed an *Emergency Motion to Withdraw* (ECF No. 65), which the Court granted on October 31, 2024. *See 10/31/24 Order* (ECF No. 71). The Court's 10/31/24 Order further required defendants Navarrete, Ramos, and Arrhimi to either file a Notice of Appearance of Counsel or Notice of Intent to Proceed to Pro Se by no later than December 2, 2024. *Id.* The Court further provided Defendants a *sua sponte* extension to respond to Plaintiff's Interrogatories by November 15, 2024. *Id.*

Defendants have not complied with the Court's 10/31/24 Order. They have neither filed the requested Notices nor responded to Plaintiff's Interrogatories. Plaintiff moves to compel (ECF No. 73) Defendants to respond to their Interrogatories and other discovery.

Plaintiff also moves for an extension of time to serve defendant Got-Woot, Inc. ("Got-Woot"). *See* ECF No. 73. Plaintiff added Got-Woot as a defendant in its Amended Complaint that was filed on June 4, 2024 (ECF No. 44).

**II. MOTION TO COMPEL**

**A. Legal Standard**

Discovery is governed by Rule 26 of the Federal Rules of Civil Procedure, which reads in relevant part that:

> Parties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and **proportional** to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Rule 33 provides that "[u]nless otherwise stipulated, a party may serve on any other party no more than 25 written interrogatories." Fed. R. Civ. P. 33(a)(1). The responding party, i.e., the individual to whom the interrogatories are directed, must serve its answers and any objections within 30 days after being served the interrogatories." Fed. R. Civ. P. 33(b)(2). Rule 34 provides that a party may serve on another a request for production of documents, electronically stored information, or tangible things within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Where a party fails to answer interrogatories or fails to produce documents requested under Rules 33 and 34, the requesting party may move to compel discovery. Fed. R. Civ. P. 37(a).

1  "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Reflex Media Inc. v. Does*, 2022 U.S. Dist. LEXIS 243662, at *4, 2022 WL 20328162, at *2 (D. Nev. Aug. 25, 2022) (citing *Garces v. Pickett*, 2021 U.S. Dist. LEXIS 49438, 2021 WL 978540, at *2 (E.D. Cal. Mar. 16, 2021)) (citations omitted). The opposing party is "required to carry a heavy burden of showing why discovery was denied." *Id*. (citation omitted). The opposing party must show that the discovery request is overly broad, unduly burdensome, irrelevant, or disproportional in light of the issues at stake. *See* Fed. R. Civ. P. 26(b)(2)(C); *see also Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 472–73 (9th Cir.1992). The opposing party must specifically detail the reason why the request is improper. *Beckman Indust.*, 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

**B. Analysis**

On September 5, 2024, Plaintiff served interrogatories and requests for production on defendants/counterclaimants Carlos Navarrete, Carem Arrhimi, and Ethan Belloli-Ramos. *See* ECF No. 72 at 2. The Court's 10/31/24 Order required these Defendants to respond to the Interrogatories by November 15, 2024. *See* ECF No. 71. Plaintiff asserts that Defendants have not responded to the Interrogatories or other pending discovery. *See* ECF No. 72. Plaintiff also asserts it is having difficulties getting in contact with the Defendants. *Id*. Although the Court's Standing Order (ECF No. 64) requires parties to submit a stipulation, the Court finds that good cause to grant an exception to the procedural requirement because of Plaintiff's inability to get in contact with Defendants, despite good faith efforts.

The Court grants Plaintiff's Motion to Compel (ECF No. 72) because [1] Defendants failed to respond to the Motion and [2] the discovery requests are both relevant and proportional.

//

//

### a. Defendants Failed To Oppose The Motion To Compel

The Court finds good cause to grant the Motion to Compel because Defendants did not oppose the Motion. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, constitutes a consent to the granting of the motion."). However, the Court also finds that Plaintiff's discovery requests are both relevant and proportional to their claims and defenses. *See* Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii) (requiring courts to limit the frequency or extent of discovery if it does not comply with the Rules).

### b. Plaintiff's Discovery Requests Are Relevant And Proportional

As previously stated, parties may seek discovery on any non-privileged matter that is relevant to their claims or defenses and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). "Relevance for the purposes of discovery is defined broadly." *V5 Techs. V. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). "[T]o be relevant, the discovery has to pertain to a claim, issue, or defense that is pleaded in the case." *Strohmeyer v. Belanger*, 2019 U.S. Dist. LEXIS 147104, at *8 (D. Nev. Aug. 28, 2019). In determining whether discovery is "proportional," courts must examine six factors: [1] the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff seeks responses to its interrogatories and requests for production. The Court finds that the discovery requested is relevant and proportional to the needs of the case. "Interrogatories, in particular, are a discovery tool designed to elicit relevant information which appears reasonably calculated to lead to the discovery of admissible evidence." *Mitchell v. Las Vegas Metro. Police Dep't*, 2022 U.S. Dist. LEXIS 250884, at *7 (D. Nev. April 26, 2022) (internal citations and quotation marks omitted). On its face, the interrogatories directed at defendants Navarrete, Ramos, and Arrhimi appear to be relevant to Plaintiff's allegations that defendants breached the non-compete agreement and

participated in the creation of a competing business. Similarly, the documents requested are relevant to Plaintiff's claims regarding the breach of contract. There is no indication that the documents would be overly burdensome on defendants. Therefore, the Court will order Defendants Navarrete, Ramos, and Arrhimi to respond to the interrogatories and the requests for production forthwith.

### III. MOTION FOR ALTERNATIVE SERVICE AND TO EXTEND

#### A. Legal Standard

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the… [90]—day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that… [90]—day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule

"explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed… [90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.

Finally, Local Rule IA 6-1(a) provides, in relevant part, "[a] request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." *Id.*

### B. Analysis

The Court denies Plaintiff's Motion to Extend (ECF No. 73) without prejudice because it is untimely, and Plaintiff failed to show excusable neglect. Both the Federal Rules and Local Rules require that a party seeking an extension after the expiration of a deadline show "good cause" and "excusable neglect." The Rules provide:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m)

> **(b) Extending Time.**
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(A)-(B)

> A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted… A request made after the expiration of the specified period will not be granted

unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect.

LR IA 6-1(a)

The deadline to complete service expired long before Plaintiff filed its Motion to Extend. The Amended Complaint was filed on June 4, 2024. *See* ECF Nos. 44, 45. Pursuant to Rule 4(m), the deadline to complete service was September 2, 2024. Pursuant to Rule 4(b), Plaintiff is responsible for preparing and submitting the proposed summons. *Id.* Inexplicably, Plaintiff did not file the proposed summons until October 3, 2024 (ECF No. 66), almost a month after the 90-day period for service under Rule 4(m) expired on September 2, 2024. Plaintiff filed the Motion to Extend on January 6, 2025, four months after the 90-day period for service under Rule 4(m) expired. Plaintiff's Motion for Extension (ECF No. 72) neither addresses the Plaintiff's apparent delays nor demonstrates excusable neglect for failing to move before the expiration of the deadlines. Although Rule 4(m) provides for a liberal standard in granting motions to extend, Local Rule IA 6-1(a) provides that extensions will not be granted unless the movant establishes excusable neglect. *Id.*

Plaintiff may file an amended motion for extension consistent with this order and that demonstrates excusable neglect for [1] failing to promptly submit the proposed summons, [2] failing to seek a timely extension to submit the proposed summons, and [3] failing to timely seek an extension to serve Got-Woot.

**IV. PRESUMPTION OF PRO SE STATUS**

Because no counsel has filed a notice of appearance for the Defendants Navarrete, Arrhimi and Ramos, the Court presumes these Defendants are pro se.

**V. ORDER TO SHOW CAUSE REGARDING THE MOTION FOR SANCTIONS**

As a part of their Motion to Compel, Plaintiff seeks sanctions in the form of attorney fees. *See* ECF No. 72. Plaintiff requests fees in the amount of $2,625 which amounts to $350/hour (7 hours and 30 minutes). The Court declines to rule on this issue at this moment. Instead, the Court directs Defendants to show cause why sanctions should not be issued and fees awarded.

Plaintiff shall file and serve an affidavit or declaration of counsel by **January 31, 2025**, supporting the requested fees, including a description of the time and legal services provided. Defendants must file and serve a response showing cause why sanctions should not be issued and/or disputing the reasonableness of Plaintiff's fees by **February 14, 2025**.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Compel* (ECF No. 72) is GRANTED in part as follows:

    a. Defendants Navarrete, Ramos, and Arrhimi shall respond to the Written Discovery by **January 31, 2025**.

    b. The Court defers ruling on the issue of sanctions at this time.

    c. Plaintiff shall file and serve an affidavit or declaration of counsel by **January 31, 2025**, supporting the requested fees, including a description of the time and legal services provided.

    d. Defendants must file and serve a response showing cause why sanctions should not be issued and/or disputing the reasonableness of Plaintiff's fees by **February 14, 2025**

2. The *Motion to Extend* (ECF No. 73) is DENIED WITHOUT PREJUDICE.

DATED this 22nd day of January 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.