UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

SmarterSwipe, Inc.,

        Plaintiff

v.

Carlos Navarrete, et al.,

        Defendants

Case No. 2:24-cv-00299-CDS-MDC

**Order Granting Defendant Gonzalez's Motion to Dismiss for Want of Personal Jurisdiction**

[ECF No. 48]

Plaintiff/counterdefendant SmarterSwipe, Inc. seeks to recover for a series of tort and contract claims against defendants/counterplaintiffs Carlos Navarrete, Carem Arrhimi, Ethan Belloli-Ramos, Emmanuel Gonzalez, Robert Porras, Brian Silva, and Got-Woot, Inc. First am. compl., ECF No. 45. Defendant Gonzalez filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) arguing that this court lacks personal jurisdiction over him. Mot., ECF No. 48. Smarterswipe responded (ECF No. 50) and Gonzalez filed a reply (ECF No. 52). Although a close call, I find that this court does not has specific jurisdiction over Gonzalez, so his motion is granted.

I.    Background[1]

SmarterSwipe is a Nevada corporation that provides electronic payment services to other businesses. ECF No. 45 at 3. Gonzalez is a resident of California. *Id.* SmarterSwipe alleges that in April 2023, it "formalized a contractual arrangement with Defendant GONZALES [sic] to act as a vendor for the Company. The scope of services encompassed, among other responsibilities, the provision of licensed property featuring the Company's name, image, logo, and likeness." *Id.* at 9. It alleges that Gonzalez used his affiliation to acquire access to "precise information pertaining to the Company's customer base, clients, contact details, and merchant identification." *Id.* at 10. SmarterSwipe then alleges that Gonzalez used this information to contact SmarterSwipe

---

[1] Unless otherwise noted, the court only cites to SmarterSwipe's first amended complaint (ECF No. 45) to provide context to this action, not to indicate a finding of fact.

customers "falsely claiming that updates to their merchant identification ('Merchant ID') were required" and recommending that they "update their Merchant IDs to Clear Choice, the direct competitor launched by [defendants]." *Id.* This, SmarterSwipe states, was part of a conspiracy orchestrated by defendants to damage it. *Id.* Gonzalez is the registered agent, CEO, Secretary, and CFO for the California company "Got-Woot, Inc.," a business entity "through which customers of Clear Choice make their payments." *Id.* at 11–12. SmarterSwipe avers that "Got-Woot operates as 'Clear Choice' or the two businesses are alter egos of one another." *Id.* at 12.

SmarterSwipe raises claims for breach of contract, breach of the covenant of good faith and fair dealing, conversion, unjust enrichment, fraud, misappropriation of trade secrets, civil conspiracy, and tortious interference with contractual relations, as well as declaratory judgment and accounting against Gonzalez and all the other defendants. *Id.* at 14–26. It seeks general damages, special damages, compensatory damages, incidental damages, triple damages pursuant to statute, punitive damages, attorney's fees and costs, and equitable relief. *Id.* at 26.

## II.     Legal standard

"Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (citing *Data Disc., Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 n.8 (9th Cir. 1977)). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." *Learjet, Inc. v Oneok, Inc. (In re W. States Wholesale Nat. Gas Antitrust Litig.)*, 715 F.3d 716, 741 (9th Cir. 2013). In cases where the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Bryton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009). In such a case, "we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). On a prima facie showing, the court resolves all contested facts in favor of the non-moving party. *Oneok*, 715 F.3d at 741; *AT&T v. Compagnie Bruxelles Lambert*, 94

F.3d 586, 588 (9th Cir. 1996) (if conflicted facts are contained in the parties' affidavits, the facts must be resolved in favor of the plaintiff for purposes of determining whether a prima facie case of personal jurisdiction has been established).

A plaintiff must make a prima facie showing of jurisdiction, but this only requires that they produce admissible evidence that, if believed, would be sufficient to establish personal jurisdiction. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). However, a plaintiff may not simply rest on the "bare allegations of [the] complaint." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). If the defendant presents evidence to contradict the allegations in the complaint, the plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction through affidavits and/or declarations. *See AT&T Co.*, 94 F.3d at 588.

Where, as in this case, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citations omitted). Nevada's long-arm statute, set forth at Nev. Rev. Stat. § 14.065, coincides with federal due process requirements. Those requirements mandate that non-resident defendants have "minimum contacts" with Nevada "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). Personal jurisdiction can be either "general" or "specific." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984).

### III.   Discussion

#### A.   Nevada courts do not have general jurisdiction over Gonzalez.

General personal jurisdiction is premised on a defendant's relationship to the forum state. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021) (citation omitted). The defendant must engage in "continuous and systematic general business contacts," *Hall*, 466 U.S.

at 416, that "approximate physical presence" in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "The standard is met only by 'continuous . . . operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *King v. Am. Fam. Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) (quoting *Int'l Shoe*, 326 U.S. at 318). To determine if a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, courts evaluate a number of factors including their "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006). The standard for general jurisdiction "is an *exacting* standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of [his] activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801 (emphasis added). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different state." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)) (emphasis in original).

      Gonzalez argues that he does not have continuous contacts with Nevada such that the state could establish general jurisdiction over him. ECF No. 48 at 6–7. SmarterSwipe, in response, somewhat inexplicably asserts that Gonzalez's activities support a finding on general jurisdiction using arguments that, at their very best, could ***perhaps*** result in a finding of **specific** jurisdiction. ECF No. 50 at 5–7. While initially SmarterSwipe argued it would show Gonzalez's representations that he does not conduct business nor travel to Nevada with any regularity as untrue, if not "completely untrue," (ECF No. 50 at 3) it failed to deliver on its promise. Indeed, SmarterSwipe does not contest that Gonzalez is a California resident and does not regularly travel to Nevada. Instead, it insists that Gonzalez is CEO of Clear Choice, a "relatively new" venture established with "longstanding friends in this case," is sufficient to demonstrate general

4

jurisdiction of him. *Id.* at 6. SmarterSwipe alleges that Clear Choice has "targeted opportunities" in Nevada, is a "direct competitor" of SmarterSwipe, is "operated by those in breach of non-competition and non-solicitation agreements with SmarterSwipe," and the alleged conspiracy resulted in loss of business to SmarterSwipe. *Id.* Even accepting these allegations as true, these are wholly insufficient to find this court can exercise general jurisdiction over Gonzalez.

First, "[a] basic tenet of American corporate law is that the corporation and its shareholders are distinct entities." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003). Thus, even if a Nevada court had general jurisdiction over Clear Choice—which SmarterSwipe is seemingly arguing—it would not automatically have general jurisdiction over its CEO. *See Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1109 (9th Cir. 2020) ("We do not impute a corporation's forum contacts to each of the corporation's employees."). A court must "assess whether each individual had minimum contacts with the forum such that the exercise of jurisdiction over that individual would comport with traditional notions of fair play and substantial justice." *Id.* SmarterSwipe has provided no assertion, let alone evidence, that Gonzalez's life or activities are rooted in Nevada in so substantial a manner that a Nevada court could have jurisdiction over him for dealings entirely distinct from this action. Therefore, based on the complete lack of evidence and argument provided by SmarterSwipe, I find that a Nevada court would not have general jurisdiction over Gonzalez.

### A. This court does not have specific jurisdiction over Gonzalez.

Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Calder v. Jones*, 465 U.S. 783, 788 (1984) (internal quotation marks and citation omitted). In the Ninth Circuit, a three-part test is applied to determine whether the exercise of specific jurisdiction over a non-resident defendant is appropriate. *Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). First, the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of

conducting activities in the forum, thereby invoking the benefits and protections of its laws. *Id.* Second, the claim must be one which arises out of or relates to[2] the defendant's forum-related activities. *Id.* Finally, the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *Id.*

"If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (internal quotation marks omitted). "The plaintiff bears the burden of satisfying the first two prongs of the 'minimum contacts' test." *Id.* (citing *Schwarzenegger*, 374 F.3d at 802). If a plaintiff "succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

For claims sounding in contract, courts generally apply the "purposeful availment" analysis, which considers whether a defendant "'purposefully avails itself of the privilege of conducting activities' or 'consummates a transaction' in the forum, focusing on activities such as delivering goods or executing a contract." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). By contrast, for claims sounding in tort, courts generally apply the "purposeful direction" test. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). This test considers whether a defendant "purposefully directs his activities at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Id.* (cleaned up). SmarterSwipe's claims for breach of contract and breach of the implied covenant of good faith

---

[2] SmarterSwipe argues this court should reject Gonzalez's reliance on *Schwarzenegger* and instead rely on '*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.* as more applicable in this case. 141 S. Ct. 1017, 209 L. Ed. 2d 225 (2021). It argues that that case "clarif[ied] the formulation about a defendant's activity arising out of **_or_** relating to the defendant's contacts with the forum" so this court should defer to *Ford Motor Co.* over *Schwarzenegger*. ECF No. 50 at 9 (citing 592 U.S. 351, 352 (2021)) (emphasis in SmarterSwipe's brief). I find this argument unpersuasive given that the Supreme Court recognizes that this is "[t]he most common formulation of that rule," *Ford Motor Co.*, 592 U.S. at 352, and *Schwarzenegger* has the virtually identical "arising from, or related to" language, *Schwarzenegger*, 374 F.3d at 802.

and fair dealing sound in contract, whereas its other claims sound in tort. I thus analyze whether personal jurisdiction may be exerted over Gonzalez under each standard.

Turning first to the "purposeful availment" test for contract claims, "[t]o have purposefully availed itself of the privilege of doing business in the forum, a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (citation omitted). The parties are in dispute as to the facts surrounding the formation of the contract. Gonzalez, in his declaration, states:

> In April 2023, Navarrete approached me about making shirts embroidered with the SmarterSwipe logo for certain independent contractors affiliated with SmarterSwipe in California. I orally agreed to make embroidered shirts. I never entered into a written agreement with SmarterSwipe for the embroidered shirts. I made the embroidered shirts for SmarterSwipe. SmarterSwipe never paid me for the embroidered shirts. SmarterSwipe never provided me with "access to precise information pertaining to [SmarterSwipe's] customer base, clients, contact details, and merchant identification."

Gonzalez decl., ECF No. 48-2 at 3. In direct contrast, SmarterSwipe attaches the declaration of Nicole Nguyen, co-founder of SmarterSwipe, which states:

> In April, 2023, SmarterSwipe entered into an agreement with Emmanuel Gonzalez to act as a vendor and a customer for the Company.
>
> In light of Mr. Gonzalez's affiliation with SmarterSwipe, he acquired access to information regarding SmarterSwipe's customer base, clients, contact details and merchant identification.

Nguyen decl., ECF No. 50-3 at 2.

The United States Supreme Court has been clear that "the formation of a contract with a nonresident defendant is not, standing alone, sufficient to create jurisdiction." *Boschetto*, 539 F.3d at 1017 (citing *Burger King*, 471 U.S. at 478). If a contractual relationship with a plaintiff is to be the basis of specific jurisdiction, the contract must envision continuing and wide-reaching contacts between the defendant and the forum, rather than just with the plaintiff. *Walden v. Fiore*, 571 U.S. 277, 285–86 (2014) (noting that, in *Burger King*, the Court "upheld the assertion of

jurisdiction over defendants who have purposefully 'reach[ed] out beyond' their State and into another by . . . entering a contractual relationship that 'envisioned continuing and wide-reaching contacts' in the forum State").

The parties here, and their competing declarations, disagree about many elements of this contract, but seem to concur that it was not written. However, based only on the limited information available to the court from the briefing and attachments, there is no indication that this contract, whether with SmarterSwipe or only its independent contractors, envisioned wide-reaching contacts in Nevada. SmarterSwipe provides little clarity as to what this contract was for except that Gonzalez was to "act as a vendor for" SmarterSwipe and the scope of the services included "among other responsibilities, the provision of licensed property featuring the Company's name, image, logo, and likeness." FAC, ECF No. 45 at 9. It does not contest Gonzalez's statements that his work on the contract involved embroidering shirts. Even if the contract was with SmarterSwipe directly, an unwritten agreement regarding apparel for a Nevada company, where no evidence has been produced as to where the contract's actual performance would take place, does not amount to a wide-reaching contact with the state. *See, e.g., Applied Underwriters, Inc. v. Combined Mgmt., Inc.*, 371 F. App'x 834, 835 (9th Cir. 2010) (finding that even a written contract did not contemplate "wide-reaching contacts with California" when there was "no evidence in the record that the contract contemplated performance in California"); *see also LLC Wholesale Supply, L.L.C. v. Allion HealthCare, Inc.*, 2013 WL 12284460, at *4 (D. Ariz. Mar. 22, 2013) (finding no personal jurisdiction given absence of a written contract, negotiations, meetings in the forum state, and long-term relationship).

Further, merely "gain[ing] access" to SmarterSwipe's information, including its "customer base, clients, contract particulars, and Merchant IDs" is not enough to establish specific personal jurisdiction in Nevada. *See, e.g., Quantum Energy, Inc. v. PCS Advisors LLC*, 2023 WL 362689, at *3 (D. Nev. Jan. 23, 2023) (finding there was no specific personal jurisdiction where the defendant "never traveled to Nevada to negotiate, sign, or execute" the contract in question

and had "no employees, contractors, property, or other customers in Nevada," so "its only contacts with the State of Nevada [were] its contracts with . . . a Nevada corporation[.]"). Additionally, Gonzalez being longtime friends with the other defendants involved in this case does absolutely nothing to support a finding of purposeful availment of the laws of Nevada. *See* ECF No. 50 at 10 ("Gonzalez acknowledges his longstanding friendship with the other Defendants in this case, all of whom collaborated in the establishment of ClearChoice, in violation of their employment agreements."). Therefore, SmarterSwipe has not demonstrated that the court has specific jurisdiction over Gonzalez as it relates to the contract claims.

Turning next to the tort claims and the "purposeful direction test." Purposeful direction "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). If these elements are met, a court can exercise jurisdiction "even if the defendant never set foot in the forum state." *Burri Law PA v. Skurla*, 35 F.4th 1207, 1213 (9th Cir. 2022). SmarterSwipe fails to meet the purposeful direction test.

SmarterSwipe only relies on a single Nevada business saying they have *heard* that Gonzalez directed to switch their merchant services. And SmarterSwipe's arguments that because Gonzalez is the CEO of Clear Choice, "the very company launched by him and his friends, to compete with SmarterSwipe, and which has been deliberately and unlawfully targeting SmarterSwipe's customers in Nevada," he has therefore purposefully directed his activity into Nevada (ECF No. 50 at 20) is unconvincing. The Ninth Circuit recognizes that although being an officer of a company over which a state has personal jurisdiction "does not foreclose personal jurisdiction . . . [it] also does not guarantee it." *Global Commodities Trading Grp.*, 972 F.3d at 1109. Specifically, the court assesses "whether each individual had minimum contacts with the forum such that the exercise of jurisdiction over that individual would comport with traditional notions of fair play and substantial justice." *Id.* (citing *Calder*, 465 U.S. at 790). Such

minimum contact is lacking here.

SmarterSwipe's argument that Gonzalez personally directed his conduct into Nevada because he "contact[ed] SmarterSwipe's customers and advocat[ed] for them to transition their services to ClearChoice" is equally unconvincing. *See* ECF No. 50 at 10; *see also* FAC, ECF No. 45 at 10 ("In an act of deception . . . , GONZALES contacted numerous SmarterSwipe customers, falsely claiming that updates to their merchant identification . . . were required . . . , Gonzales recommended to SmarterSwipe's customers that they update their Merchant IDs to Clear Choice, the direct competitor launched by NAVARRETE and the Defendants."); Nguyen decl., ECF No. 50-3 at 2–3. The only affirmative proof that SmarterSwipe offers to support this allegation is the Nguyen declaration, which states:

> In light of Mr. Gonzalez's affiliation with SmarterSwipe, he acquired access to information regarding SmarterSwipe's customer base, clients, contact details and merchant identification.
>
> On December 22, 2023, SmarterSwipe learned that Mr. Gonzalez contacted numerous SmarterSwipe customers and falsely claimed that updates to their merchant identification ("Merchant ID") were required. Gonzalez then recommended to those customers that they update their Merchant IDs to "Clear Choice," the direct competitor of SmarterSwipe which was launched by the Defendants in this action, which information is attached herein.
>
> SmarterSwipe obtained this information from several of its agents exclusively contracted by SmarterSwipe, who reported that Mr. Gonzalez and Defendant Carlos Navarette were instructing them to transition from SmarterSwipe to Clear Choice.
>
> On January 12, 2024, SmarterSwipe received notification via email from Pancho's, a restaurant located at 11020 Lavender Hill Dr., Las Vegas, Nevada 89135, indicating its decision to cancel its services from SmarterSwipe and switch to Clear Choice. At the time, Pancho's was SmarterSwipe's largest client in Las Vegas. Prior to this, in January 2024, SmarterSwipe was informed that Emmanuel Gonzalez had been in contact with representatives at Pancho's, discussing the cancellation of services with SmarterSwipe, the transition to Clear Choice, and the payments therewith.
>
> Attached is documentation confirming the change, specifying that future payments will be directed to "Got-Woot Inc. DBA: Clear Choice."

Nguyen decl., ECF No. 50-3 at 2–3. For SmarterSwipe, the issue is that the evidence Nguyen

relies on is largely inadmissible. Nguyen herself could testify, so her statement itself does not lack foundation at this stage, but she makes numerous assertions based on inadmissible hearsay or chooses clever language to circumvent the rule against inadmissible hearsay. Under Federal Rule of Evidence 802, hearsay is not admissible. Nguyen's declaration relies in part on reports "from several of its agents[.]" ECF No. 50-3 at 3. None of these agents are named, their source of this information is not disclosed, and, even if it were, reliance on the statements of others made out of court for the truth of the matters asserted is inadmissible unless SmarterSwipe asserts an exception, which it has not done.

Nguyen also describes the situation involving Pancho's, which she states cancelled its services from SmarterSwipe to move to Clear Choice. *Id.* at 3. However, Nguyen states that SmarterSwipe "was informed that Emmanuel Gonzalez had been in contact with representatives at Pancho's, discussing the cancellation of services with SmarterSwipe, the transition to Clear Choice, and the payments therewith." *Id.* The wording is evidently designed to skirt Rule 802, but if this evidence were to be elicited as testimony, it would clearly be hearsay; Nguyen introduces this as an out-of-court statement for the truth of the matter asserted. That Pancho's switched services from SmarterSwipe to Clear Choice is not evidence that Gonzalez was wrongfully interfering with SmarterSwipe's and Pancho's' business relationship. Additionally, Pancho's is the only Nevada business SmarterSwipe alleges Gonzalez interfered with that Nguyen discusses by name.

Nguyen attaches an email sent by Gonzalez to "support@zaytech.com" as evidence of her assertion that Gonzalez "falsely claimed that updates to their merchant identification . . . were required." *See* ECF No. 50-3 at 2, 4. And although this email does name what appear to be three businesses, neither SmarterSwipe nor Nguyen have alleged that SmarterSwipe contracted with those businesses or that those businesses were even in Nevada. There is no mention of SmarterSwipe in the email. *Id.* at 4. Thus, although the court can consider this statement, the supporting document is useless.

What this court is left with are Nguyen's statements that Gonzalez "contacted numerous SmarterSwipe customers and falsely claimed that updates to their merchant identification . . . were required" and that he then "recommended to those customers that they update their Merchant IDs to 'Clear Choice'[.]" *Id.* at 2–3. Not only are these claims flimsy because Nguyen provides no basis for how she came into this information beyond that "SmarterSwipe learned" of them on December 22, 2023 (*id.* at 2), but also Nguyen does not specifically identify how many customers were contacted and does not provide any information about whether any of these customers are even located in Nevada. Further, two declarations submitted by Gonzalez directly contradict Nyugen's claim. The first, Gonzalez's, states that neither he nor Clear Choice "requested, directed, or otherwise encouraged the [other defendants] to advise SmarterSwipe customers of Clear Choice's services." Gonzalez decl., ECF No. 48-2 at 4. And a second declaration states that Pancho's left SmarterSwipe for Clear Choice because of Navarette, not Gonzalez. Lawrence decl., ECF No. 52-2. In examining the "purposeful direction" prong, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo*, 647 F.3d at 1223 (internal quotations marks omitted). Two affidavits contradict SmarterSwipe's claims. Even resolving those conflicts in plaintiff's favor,[3] the court is left with insufficient allegations to exercise specific jurisdiction over Gonzalez.

Simply stated, the complaint does not allege the requisite "suit-related conduct" by Gonzalez that created a "substantial" or "meaningful" connection with Nevada as required for this court to exercise specific personal jurisdiction over Gonzalez based on purposeful direction. *See Walden*, 571 U.S. at 284, 290; *see also Boschetto*, 539 F.3d at 1019 (holding no purposeful direction where only connection to the forum was "a one-time contract for the sale of a good"); *Kelley v.*

---

[3] This court must take SmarterSwipe's uncontroverted allegations as true and resolve all conflicts in any affidavits in plaintiff's favor, however, a plaintiff cannot "simply rest on the bare allegations of its complaint." *Schwarzenegger*, 374 F.3d at 800.

12

*Kirkman Grp., Inc.*, 2020 U.S. Dist. LEXIS 131671, at *9 (D. Or. July 23, 2020) (finding that a single meeting in the forum state pre-dating defendant's alleged misrepresentations, and a handful of communications by email or text to the plaintiff in the forum state, to be insufficient minimum contacts with the forum state to confer personal jurisdiction over a defendant). And while the complaint seemingly alleges SmarterSwipe suffered economic harm because of the allegations lodged against Gonzalez, economic harm without more does not confer jurisdiction. *See Schwarzenegger*, 374 F.3d at 807 (finding that while "[i]t may be true that [defendant's] intentional act eventually caused harm to [plaintiff] in California . . . this does not confer jurisdiction[.]"). Because SmarterSwipe does not make a prima facie showing of purposeful direction, the court need not conduct any further analysis. Consequently, Gonzalez's motion to dismiss for lack of personal jurisdiction is granted.

## IV. Conclusion

IT IS HEREBY ORDERED that defendant's motion to dismiss **[ECF No. 48] is GRANTED**, therefore Emmanuel Gonzalez is dismissed.

Dated: February 3, 2025

_____
Cristina D. Silva
United States District Judge