UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

SmarterSwipe, Inc.,

          Plaintiff

v.

Carlos Navarrete, et al.,

          Defendants

Case No. 2:24-cv-00299-CDS-MDC

Order Adopting Magistrate Judge's Amended Report and Recommendation

[ECF No. 94]

      Plaintiff/counterdefendant SmarterSwipe, Inc. initiated this action seeking to recover for a series of tort and contract claims against defendants/counterplaintiffs Carlos Navarrete, Carem Arrhimi, Ethan Belloli-Ramos, Emmanuel Gonzalez, Robert Porras, Brian Silva, and Got-Woot, Inc. First am. compl., ECF No. 45. Gonzalez, Porras, Silva, and Got-Woot are no longer parties to this action. *See* ECF Nos. 76, 82, 92. As relevant here, in October 2024, then-counsel for Navarrete, Arrhimi, and Belloli-Ramos sought, on an emergency basis, to withdraw as attorneys of record. Mot., ECF No. 65. When granting the motion to withdraw, United States Magistrate Judge Maximiliano D. Couvillier III sua sponte extended the deadline for the defendants to respond to SmarterSwipe's interrogatories. Order, ECF No. 71. After the defendants failed to comply, SmarterSwipe moved to compel responses to their interrogatories and other discovery. Mot., ECF No. 72. Judge Couvillier granted the motion in part and ordered the defendants to respond to the written discovery by January 31, 2025. Order, ECF No. 74. They did not. So SmarterSwipe filed a second motion for sanctions seeking the imposition of more severe sanctions under Fed. R. Civ. P. 37(b) (i.e., striking pleadings, prohibiting certain defenses, and potentially entering a default judgment). ECF No. 78 at 9. After supplemental briefing—and no response from the defendants—Judge Couvillier issued a report and recommendation (R&R) that I grant SmarterSwipe's request and issue the following dispositive sanctions: (1) striking

the defendants' answer to the amended complaint, (2) instructing the Clerk of Court to enter default against the defendants, (3) dismissing the defendants' counterclaim, and (4) directing SmarterSwipe to seek default judgment against these defendants. R&R, ECF No. 94.

The parties had until May 28, 2025, to file any specific, written objections to the magistrate judge's R&R. *Id.* (citing Local Rule IB 3-2 (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). If an objection is filed, a district judge must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. 636(b)(1)(C). However, the law is clear that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). A month has passed since the deadline and neither party objected to Judge Couvillier's findings and recommendations.

Although de novo review is not required, I nonetheless conduct one here. As set forth in the R&R, "Rule 37(b)(2) empowers the Court to impose a variety of sanctions when a party does not obey a discovery order. Such sanctions include striking pleadings and rendering default judgments." ECF No. 94 at 5–6 (citing Fed. R. Civ. P. 37(b)(2)(A)(iii),(vi)). Joined with their inherent power to control their docket, and in the exercise of that power, a district court may impose sanctions, "including, where appropriate, default or dismissal." *Id.* (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)) (citation omitted). With this authority, an answer may be stricken if the defendants fail to defend themselves. *Galtieri-Carlson v. Victoria M. Morton Enters., Inc.*, 2010 WL 3386473, at *3 (E.D. Cal. Aug. 26, 2010) ("Courts have stricken the answers of defendants who have failed to defend themselves.").

Here, the defendants have not participated in this litigation since their attorney's withdrawal in October 2024.[1] They also violated Judge Couvillier's orders by failing to respond to interrogatories and failing to dispute the reasonableness of the plaintiff's fees. ECF Nos. 71, 74. In addition, the defendants have failed to diligently prosecute their counterclaim. As discussed in the R&R, the public's interest in expeditious litigation and the court's need to manage its docket weigh heavily in favor of striking the defendants' answer and entering default. The defendants' failure to obtain new counsel, coupled with their unresponsiveness, has not only delayed this litigation but also precludes the plaintiff from obtaining a decision on the merits. *Thompson*, 782 F.2d at 831. When weighing the drastic sanction of default, Judge Couvillier found that the defendants' "unresponsive, uncooperative, noncompliant" actions "constitute willfulness, bad faith, or fault." ECF No. 7 (citing *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). Based on a review of the record, it appears that less drastic sanctions are simply not available. So I accept Judge Couvillier's findings that the defendants have willfully not participated in discovery and have deliberately disobeyed court orders, therefore dispositive sanctions should be imposed. Consequently, the defendants' answer is stricken and the default of each of the previously answering defendant is now entered.

II.    Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 94] is accepted and adopted in full**.

IT IS FURTHER ORDERED that (1) the answer filed by defendants Carlos Navarrete, Carem Arrhimi, and Ethan Belloli-Ramos **[ECF No. 46] is STRICKEN**; (2) the Clerk of Court enter default against Carlos Navarrete, Caren Arrhimi, and Ethan Belloli-Ramos; and (3) the defendants' counterclaim **[ECF No. 15] is DISMISSED**.

---

[1] The defendants were ordered to obtain new counsel or provide notice of their intent to proceed pro se. ECF No. 71. To date, neither has occurred.

3

IT IS FURTHER ORDERED that SmarterSwipe must move for default judgment against Navarrete, Arrhimi, and Belloli-Ramos by July 28, 2025. The plaintiff is reminded to ensure that any motion for default judgment complies with Rule 55 and addresses the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Dated: June 27, 2025

_____
Cristina D. Silva
United States District Judge